## MEMPHIS COTTON EXCHANGE v. J. H. POPE, et al.

Western Section. April 2, 1931.

Petition for Certiorari denied by Supreme Court, December 19, 1931.

Canada, Williams & Russell, of Memphis, for appellant.

E. B. Klewer, Gordon I. Gordon, Cooper Turner, Jr., F. H. Gailor, and H. B. Moriarty, all of Memphis, for appellee.

HERRON C. PEARSON, Sp. J. The original bill in this cause was filed in August, 1927, under the Declaratory Judgments Act asking the court to direct and instruct the complainant as to its course in selling the membership of defendant Pope in complainant Exchange. It is alleged that both he and defendant bank hold such memberships and that the membership of said Pope had been previously pledged by him to secure certain debts owing by him to said bank. That said bank had requested complainant to sell said membership in accordance with the constitution and by-laws of the Exchange and defendant Pope denied its right to do so. It asks for a declaration of its rights in the premises.

It is apparent from the pleadings and proof that previous litigation between the two defendants has a material bearing upon their respective rights in this case and it is necessary to relate, in disposing of the case, the history of this litigation briefly.

In November, 1923, Pope executed his note for $2250 to the defendant bank and pledged his membership in the Memphis Cotton Exchange as security therefor, the note providing that the membership should also stand as security for any other debt which he might owe the bank. When this note was executed Pope was then indebted to the bank by note in the sum of $30,000, this debt being secured by deed of trust on certain lands in Arkansas alleged to have been owned by Pope and his wife as tenants by entireties. This trust deed was only signed by J. H. Pope and included a tract of 160 acres owned by him individually. As further security this trust embraced the interest of T. A. Pope, a brother of J. H. Pope, in certain Arkansas lands. Among other things the trust provided that the lands of J. H. Pope would be sold first and T. A. Pope's interest in the land would not be sold unless the lands of J. H. Pope failed to bring a sufficient amount to pay the debt.

The defendant Pope was also indebted to the bank by certain notes executed by him to the Continental Gin Company, evidencing the purchase price of certain gin machinery purchased by him under a conditional sales contract. These notes were purchased by the bank from the gin company.

In December, 1924, the bank, under a decree rendered by Chancery Court of Crittendon County, Arkansas, foreclosed its mortgage on the lands of J. H. Pope, the decree providing that T. A. Pope's interest in said land should not be sold unless J. H. Pope's interest therein failed to bring a sufficient amount to pay the mortgage debt. The land brought $10,000 which was credited on Pope's note. Subsequently the bank sold to one Katherine McBryde, all of its interest in the Arkansas lands of Mr. and Mrs. J. H. Pope and that of T. A. Pope, together with its right, title and interest in the trust deed in T. A. Pope's land and the judgment lien therein. The consideration for this transfer was $5000.

In March, 1924, Pope filed his bill in the Chancery Court of Shelby County, Tennessee, against Henry Craft, Trustee, et al., seeking an accounting. This is known in the record as Cause No. 29969. In this case the Court fixed Pope's indebtedness to the bank at $57,614.52 and certain trust deeds were ordered foreclosed and other collaterals ordered sold. This adjudication was made on September 26, 1924, and the decree embraced all of Pope's transactions with the bank up to this date.

Pending this litigation, in July, 1924, Pope sought and obtained a permanent injunction against the sale of his membership in the Memphis Cotton Exchange, the decree reciting that the injunction was without prejudice to the bank's right to apply to the Exchange for a sale of said membership in the manner provided by the Con-

stitution and by-laws of the Exchange in cases of controversy between its members.

This was the situation as it existed when the bill was filed in this cause.

The defendant bank filed an answer and cross-bill setting out the history of this litigation, stating the decree against Pope of $57,-614.52 had been credited with the sum of $10,000 received from foreclosure of Arkansas lands, $3000 received from sale of certain gin machinery and that he still owed the bank on said decree $23,978.48, excluding interest and the membership of Pope, admitted in the record to be worth about $4500 was the only undisposed of security in the hands of the bank. It asked that the membership be sold.

Cross-defendant Pope answered the cross-bill claiming that in addition the credits on said decree admitted by the bank, he was entitled to the following credits, to-wit: The value of T. A. Pope's interest in the Arkansas lands placed at $10,360, the sum of $1500 received from sale of timber from said lands, and the value of the machinery purchased by him from Continental Gin Company and sold by the bank without any legal right or authority, said value being placed at $20,000. That he owed the bank nothing and denied its right to sell his membership in the cotton exchange.

The cause was referred to the Master on three questions, viz.:

First: What credit, if any, is J. H. Pope due for sale of land of T. A. Pope and whether said land was pledged to secure J. H. Pope's debt to the bank.

Second: What credit, if any, is due for sale of timber sold from Arkansas lands.

Third: What credit, if any, is J. H. Pope entitled to on account of the sale of ginning machinery sold in cause No. 29969.

The Master reported that Pope was entitled to a credit of $1937.77 representing the value of T. A. Pope's interest in the lands sold by the bank to Katherine McBryde or to which it released its trust and judgment lien; that he was entitled to no credit for money received from sale of timber, and that Pope was entitled to no credit on account of the sale of the gin machinery, sale thereof having been made through the Chancery Court in Cause R. D. No. 29969 and credit having been given Pope on the judgment rendered in said cause. The Master found this question to be res adjudicata.

Pope excepted to these findings. The Master overruled the exception and the Chancellor sustained him in this action, and confirmed the report. The Chancellor held that cross-defendant Pope should receive credit for $1937.77 on the judgment previously rendered against him and that Pope's membership in the Cotton Exchange should be sold and proceeds of sale applied on the judg-

ment. Two assignments of error, based upon the action of the Chancellor in overruling exceptions to the Master's report are filed in this Court.

It is earnestly insisted that the defendant bank has unlawfully converted certain ginning machinery formerly owned by Pope and that by selling its interest in the trust and judgment lien against T. A. Pope it has been guilty of a conversion. We have examined the record with a great deal of care for the purpose of ascertaining the facts in regard to these matters irrespective of the fact that the record presents a concurrent finding of fact by the Master and Chancellor which as held by the Supreme Court in Gleason v. Prudential Fire Insurance Company, 127 Tenn., 8, is conclusive on appeal. It appears that the credit of $1937.77 allowed Pope under the first item of reference was arrived at in the following manner, to-wit:

The Master accepted the valuation of the Arkansas lands of J. H. Pope as fixed by Pope's witness at $47 per acre making a total of $63,920. From this he deducted accrued taxes assessed against the land of $12,220.10, leaving a net value of $51,699.90. Despite the fact that T. A. Pope's interest seems to be an undetermined interest, in that he bought a "one-half interest of J. H. Pope's interest," the latter only holding as a tenant by the entirety with his wife, the Master values T. A. Pope's interest at $12,924.97, this being one-fourth of the total net value. He then valued the 160 acres of J. H. Pope, owned by him individually at $7520. The total value of all interest in said lands and judgment lien and assigned by the bank to Katherine McBryde was thus estimated to be $33,369.94. The Bank received $5000, for this assignment. The proportion of $5000 to the value of $33,369.94 is found to be as 1 to 6.67. The same proportion of the value of T. A. Pope's one-fourth interest is thus found to be $1937.77. We think, if the Bank was liable to Mr. Pope for the value of the interest in the lands assigned by it that the Master has been very liberal in arriving at that value. We find no error in the method employed by him in arriving at that value.

We find no facts showing a conversion on the part of the Bank of the gin machinery which justify the contentions of Mr. Pope in this regard. We are of the opinion that the judgment rendered against him in his former suit for an accounting has received all proper credits and therefore overrule the assignments of error and affirm the Chancellor's decree. Costs of the appeal will be taxed against J. H. Pope.

Owen and Senter, JJ., concur.